The City of St. Louis, *Appellant*, v. Thierry *et al.*

1. **City of St. Louis**: ORDINANCE: SEWER BOND. One who has a permit from the sewer commissioner of the city of St. Louis to connect the private sewer of a designated person with the district city sewer, and who connects the premises of other persons with said city sewer, violates the city ordinance governing said matter, and is liable on his bond, given as required by the ordinance to the city obligating him to comply with the regulations of the sewer commissioner and all the requirements of the ordinance.

City of St. Louis v. Thierry.

2. ——: ——: ——. Nor is the obligor relieved from liability on the bond by the fact that the ordinance also makes the acts imputed to him a misdemeanor.

*Appeal from St. Louis City Circuit Court.*

REVERSED AND REMANDED.

*Leverett Bell* for appellant

(1) The breach of the bond alleged constitutes a clear violation of the ordinance and the permit, and entitles the plaintiff to a judgment for nominal damages at least, and to substantial damages if the same can be shown. No permit was obtained to make the connection between Witteman's premises and the district sewer. The connection was unlawfully made. It was in violation of the ordinance. (2) The provision contained in section 7 of the ordinance, by which a fine may be imposed on one violating the ordinance, in no manner conflicts with the right of the city to recover on the bond. The amended petition stated a good cause of action; the demurrer was improperly sustained; and the judgment should be reversed and the cause remanded.

*H. A. Haeussler* and *C. V. Scott* for respondents.

The bond which forms the basis of the action was only intended, and by its terms undertakes, to secure a faithful compliance with the ordinance in reference to the work done under permits from the sewer commissioner. Section 3 of said ordinance under which said bond was given provides: "Any person desiring to work under permits from the sewer commissioner should first file a bond, etc.; said bond to be conditioned 'that he will, in all work of constructing private sewers and connecting the same with public and district sewers,

faithfully comply with all regulations and instructions of the sewer commissioner in reference to such work, and all requirements of this ordinance.' This last clause undoubtedly means all requirements of the ordinance in regard to the character of the work. The rule *ejusdem generis* applies, *i. e.*, when a particular enumeration or words are followed by general terms or words, the latter are to be understood as limited in their scope and application to the persons and things of the same kind and character as those specified in the preceding part. This rule applies to laws as well as private agreements. *City v. Laughlin*, 49 Mo. 559; *State v. Guthrie*, 90 Mo. 163; *City v. Porter*, 27 Mo. App. 605.

RAY, C. J.—This is an action by the city of St. Louis to recover damages for the breach of a certain bond executed by the defendants. A demurrer on the part of defendants to the amended petition on the ground that the same did not state a cause of action was sustained, and plaintiff declining to plead further final judgment on the demurrer was given for defendants, from which the city has appealed. The only question involved, therefore, is whether the amended petition states a good cause of action.

Ordinance number 10977 of the city, set out in *haec verba* in the amended petition, establishes, among other things, regulations and conditions for connecting private sewers with public and district sewers. Section 2 provides, so far as we need now notice, that no person shall connect any private sewer with any public or district sewer, except in pursuance of a permit so to do issued by the sewer commissioner; that these permits will only be issued to such persons as have given bond as required by the ordinance, and that, if the property to be drained has been assessed for the construction of district sewers, no permit for its connection with a

public or district sewer shall be issued until such assessment has been paid.

Section 3 of said ordinance, provides as follows:

" Section 3. Any person desiring to work under permits from the sewer commissioner shall first file with the city register a bond in the sum of five hundred dollars, with two securities to be approved by the mayor, said bond to be conditioned that he will in all work of constructing private sewers and connecting the same with public and district sewers, faithfully comply with all regulations and instructions of the sewer commissioner or his duly authorized agents in reference to such work and all the requirements of this ordinance, and will enforce the same upon his employes and hold himself responsible for all their acts. And in case any work under a permit shall be improperly done and in violation of the foregoing conditions, or in case of any damage to any public or district sewer caused by such violation, either on the part of the person to whom the permit is issued or his employe, the sewer commissioner shall have the right to reconstruct such defective work and repair such damage, and the whole cost thereof, together with the costs of suit, shall be recovered by the city of St. Louis by suit on such bond. If any one who has given bond as hereinbefore provided shall violate any of the conditions of said bond the sewer commissioner may refuse to grant any further permits until all improper or defective work done by him shall have been repaired and all expense which may have been caused to the city by such work shall have been paid into the city treasury."

Defendants as principals and sureties executed a bond as required by the said section, being the bond sued on, and in words and figures as follows:

"Know all men by these presents, that we, Edward Thierry and Charles Thierry (Edward Thierry & Co.), as principal, and Charles H. Peck and John C. Black as

securities, are held and firmly bound unto the city of St. Louis in the sum of five hundred dollars, to the payment of which well and truly to be made we bind ourselves, our heirs, executors and administrators. Witness our hands and seals this twelfth day of July, A. D., 1880. The condition of the foregoing obligation is such that whereas the said Edward Thierry and Charles W. Thierry are doing business as drain layers, necessitating the uncovering of public and district sewers, and connecting private drains therewith, now, therefore, if the said Edward Thierry and Charles Thierry shall, in all work of connecting private drains with public and district sewers, faithfully comply with all regulations and instructions of the sewer commissioner or his duly authorized agents, and all requirements of ordinance number 10977, approved January 23, 1879, and shall enforce the same upon all their employes, and hold themselves' responsible for all their acts, then this obligation to be void, otherwise to be of full force and effect."

The breach thereof alleged is, that defendants, Edward Thierry and Charles Thierry, obtained from the sewer commissioner of the city a permit to lay a private sewer from the premises of one Schmidt, in block number 755 to the district sewer in said block, and that under cover of said permit, and without authority so to do and in violation of said ordinance, defendants connected the adjoining premises, of certain other designated owners, with said sewer, instead of the premises owned by said Schmidt, for which the permit in question was granted.

The facts alleged, if true, as they are conceded to be for the purpose of the demurrer, show a violation of the permit which was to connect the premises of Schmidt only, and a violation of the ordinance which forbid the making or establishing any connection between private and public sewers without a permit so to do from the

commissioner.   The said act was therefore unlawful and is manifestly embraced within the letter of the bond, which is conditioned that the obligors therein will faithfully comply with all the requirements of the ordinance. In view of the language of the bond itself as well as that contained in the ordinance it is, we apprehend, a strained construction which would limit the obligation to work, lawfully done under a permit, which is the contention made in this court in behalf of defendants.   The contractors for these private drains undertake to connect them with the public or district sewers under the authority of this ordinance and to comply with its requirements, and give their bond so to do, and if they make such connections in violation of the ordinance they are manifestly guilty of a breach of the bond.   This is, we think, the plain import as well as the express terms of the bond and the ordinance in question.

Defendants say that they are not liable on the bond because the act alleged in the amended petition is a misdemeanor under section 7 of the ordinance.   But this construction, we apprehend, would make the bond altogether worthless, as that section imposes a fine for any violation of the provisions of the ordinance, and by its terms would include violations by parties working under such permits or otherwise.   The city in this proceeding is seeking to recover on the bond, and is not proceeding against defendants for any misdemeanor as provided in said section seven.   We see no reason why the parties may not be liable on the bond in this civil action to recover the damages if any sustained, by a breach thereof, notwithstanding the penal provision of section seven, subjecting the party to a fine, for a violation of the ordinance.   Whilst the same facts may, to some extent, be involved in both, these proceedings may not constitute any bar or defense to each other.   But, as said before, so far as appears there is no prosecution by the city for said offense, and we need not now consider

whether the prosecution for the misdemeanor, and this civil action, may be concurrently commenced and proceed *pari passu.*

We are, therefore, of opinion, and so hold, that the amended petition states a good cause of action, and that the action of the trial court, in sustaining said demurrer was error, for which its judgment ought to be reversed and the cause remanded for a new trial, and it is accordingly so ordered.    All concur.